**Appellee's Motion for Rehearing Overruled; Reversed and Rendered; and Supplemental Opinion on Rehearing filed August 15, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00574-CV

---

**WELLS FARGO BANK, N.A. FKA WELLS FARGO BANK MINNESOTA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES CORP., COMMERCIAL PASS THROUGH CERTIFICATES, SERIES 2003-PMI, ACTING THROUGH SERVICER ORIX CAPITAL MARKETS, LLC, Appellant**

**V.**

**MICHAEL B. SMUCK AND EDWIN A. WHITE, Appellees**

---

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2010-71304**

---

## SUPPLEMENTAL OPINION ON REHEARING

Appellee, Edwin A. White, has filed a motion for rehearing. We overrule the motion but issue this supplemental opinion to respond to points raised in the motion.

White contends we departed from two cases involving the same non-recourse financing arrangement as the present case: the borrower "MBS" entity signed a Note providing its liability was limited to the circumstances under the Non-Recourse Exceptions; and appellees signed an Indemnification Agreement, assuming liability for any liability of the borrower under the Non-Recourse Exceptions. *See White v. JPMC 2004-C3 Trails Apartments LLC*, No. 02-12-00164-CV, 2012 WL 6632776 (Tex. App.—Fort Worth Dec. 21, 2012, no pet.) (mem. op.) ("*Trails*"); *White v. MLMT 2004-BPC1 Carlyle Crossing, LLC*, No. 02-10-00233-CV, 2011 WL 3672022 (Tex. App.—Fort Worth Aug. 18, 2011, pet. denied) (mem. op.) ("*Carlyle Crossing*").[1]

White suggests those cases are authority that Wells Fargo was required to establish a Non-Recourse Exception in the present case to recover against White under the Indemnification Agreement—a proposition which we rejected in the original opinion. We held Wells Fargo was required to (1) prove it had obtained a judgment against MBS-The Falls based on a Non-Recourse Exception, or (2) absent such a judgment, establish a Non-Recourse Exception in the present case. After analyzing the pleadings and contents of the Tarrant County judgment against MBS-The Falls, we held the judgment was based on two Non-Recourse Exceptions.[2] We concluded that requiring Wells Fargo to also establish a Non-

---

[1] In our original opinion, we cited these cases only to negate a separate argument raised solely by appellee, Michael B. Smuck, regarding the extent of appellees' obligations under the Indemnification Agreement.

[2] In his motion for rehearing, White reiterates his contention that the Tarrant County judgment was merely a judgment for the deficiency on the note after foreclosure, and not based

Recourse Exception in the present case would amount to an impermissible collateral attack on the Tarrant County judgment.

The cases cited by White in his motion for rehearing do not alter our conclusion. In both cases, the trial courts rendered judgment for the lender's assignee against the borrower under the Non-Recourse Exceptions and against White under the Indemnification Agreement. *See Trails*, 2012 WL 6632776, at *1 & n.2; *Carlyle Crossing*, 2011 WL 3672022, at *1. The trial court issued findings that the borrower committed waste, thereby supporting liability against White under the Indemnification Agreement. The appellate courts upheld the judgments. *Trails*, 2012 WL 6632776, at *2–3; *Carlyle Crossing*, 2011 WL 3672022, at *1–7. According to White, those cases therefore demonstrate there must necessarily be such findings in the present case to support imposing liability against White under the Indemnification Agreement.

However, those cases are distinguishable from the present case. In *Trails*, White attacked the judgment against him by arguing any waste was caused by the negligence of the lender/assignee; thus, White contended that the express-negligence rule barred recovery against White under the Indemnification Agreement. 2012 WL 6632776, at *1–3. When rejecting this argument, the court noted White did not challenge the trial court's findings that the borrower caused the waste, thereby negating any contention that the waste was caused by the lender's negligence. *Id.* at *2. The court cited these findings to reject the one narrow argument raised by White on appeal. *Id.* at *2–3. In *Carlyle Crossing*, White raised an additional issue by challenging the sufficiency of the evidence to support the finding of waste. 2011 WL 3672022, at *1. The court held the

on the Non-Recourse Exceptions. We thoroughly analyzed and rejected this contention in the original opinion and will not further address it.

3

evidence was sufficient and thus also rejected an argument the damage was caused by the lender's negligence. *See id.* at *1–6.

Significantly, in those cases, there is no indication an issue was raised regarding any preclusive effect of the judgment against the borrower under the Non-Recourse Exceptions on the claims against White under the Indemnification Agreement. *See generally Trails*, 2012 WL 6632776; *Carlyle Crossing*, 2011 WL 3672022. The courts never expressly stated the lender was required to independently establish a Non-Recourse Exception to recover against White under the Indemnification Agreement, even if the lender obtained an unchallenged judgment against the borrower under a Non-Recourse Exception. *See generally Trails*, 2012 WL 6632776; *Carlyle Crossing*, 2011 WL 3672022. Similarly, the courts did not address the ramifications if the evidence had been insufficient to support the findings of waste; i.e., whether the courts could still uphold the judgment against White because the judgment against the borrower was unchallenged. *See generally Trails*, 2012 WL 6632776; *Carlyle Crossing*, 2011 WL 3672022. Accordingly, those cases are not persuasive.

As we stated in the original opinion, if the summary-judgment evidence was insufficient to prove a Non-Recourse Exception in the Tarrant County case, as suggested by White, that was an issue for MBS-The Falls to raise in a direct appeal of that judgment. However, MBS-The Falls failed to do so, and the Tarrant County judgment stands as a judgment on the merits against MBS-The Falls under the Non-Recourse Exceptions. Consequently, Wells Fargo proved appellees' liability under the Indemnification Agreement has been triggered.

4

In summary, we reject the arguments raised by White in his motion for rehearing and overrule the motion.


                                        /s/      John Donovan
                                                 Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.